**NEW ENGLAND MUT. LIFE INS. CO. v. WELCH, Former Collector of Internal Revenue.**

Civil Action No. 2558.

District Court, D. Massachusetts.

Feb. 21, 1945.

George Hoague and Ralph C. Williams, Jr., both of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Leland T. Atherton, Sp. Assts. to Atty. Gen., for defendant.

SWEENEY, District Judge.

The question presented in this action is whether the taxpayer, a life insurance company, is entitled to recover $12,610.20 and interest thereon in the amount of $1,416.14, a total of $14,026.34, representing an alleged overpayment of federal income tax for the calendar year 1934. It claims error on the part of the Commissioner in disallowing its claim either (a) as a reserve fund required by law or (b) as interest paid or accrued on an indebtedness.

### Findings of Fact.

During the calendar year 1934 and for many years prior thereto the taxpayer, a mutual life insurance company, issued ordinary life insurance policies which gave to the insured, and in some cases to the beneficiary, the right to require the company to apply the net sum due under the policy upon maturity in accordance with one of the several modes of settlement provided therein. The First and Second Options, together with the Fourth Option (but excluding the deferred annuities under the Second Option), and the Fifth Option, are generally known as "Supplementary Contracts not involving Life Contingencies" and are so referred to in this proceeding. The only two options involved herein are the First and Second Options, one providing for deferred payments over a fixed period and the other for deferred payments in a fixed amount.

To provide for the payment of life policies which had matured in 1934 and prior years, and were payable in 1934 and subsequent years under these supplementary contracts the petitioner was required under various state laws to maintain on its books a liability denominated "Present value of amounts not yet due on Supplementary Contracts not involving Life Contingencies". The portion of this liability applicable to the First and Second Options at the beginning and end of the calendar year 1934 was as follows:

| | |
|---|---|
| Beginning of the year | $3,735,921.47 |
| End of the year | 4,006,855.56 |

The mean of these amounts for the year 1934 is $3,871,388.51 of which $3,651,424.40 was held in respect of supplementary contracts arising from the First and Second Options exercised or elected by the insured during his or her lifetime.

In computing petitioner's tax liability for the year 1934, the Commissioner of Internal Revenue determined that that portion of the liability arising under the First and Second Options which were elected by the insured and that part of the assets held to provide therefor, did not constitute "reserve funds required by law" within the meaning of Section 203(a) (2) of the Revenue Acts of 1932 and 1934, 26 U.S. C.A. Int.Rev.Acts, pages 547, 730, and accordingly allowed no deduction from the taxpayer's gross income for the year 1934 to the extent of 3¾% of such liability.

Pursuant to the terms of the policies the petitioner during the calendar year 1934 paid to the holders of supplementary contracts, wherein the option was exercised by the insured, amounts which included the sum of $113,135.37. The taxpayer claimed this amount as an interest deduction on indebtedness within the meaning of Section 203(a) (8) of the Revenue Acts of 1932 and 1934, but the item was disallowed by the Commissioner.

In support of the claim for refund the petitioner asserts that the Commissioner was in error in holding that reserves for supplementary contracts were not "reserve

funds required by law" within the purview of Section 203(a) (2). Alternatively, the taxpayer maintains that if the reserve argument fails then it is entitled to a deduction from its gross income for the year 1934 in the amount of $113,135.37 as "interest paid * * * on its indebtedness" under Section 203(a) (8). If petitioner is sustained on either ground it will be entitled to recover the amount demanded in the complaint.

### Conclusions of Law.

■ Reserves for supplementary contracts have had an uncertain place in the development of federal taxation of life insurance companies. These reserves certainly fall within the literal wording of Section 203(a), and it was originally so held by the Regulations of the Treasury Department. However, after the decision in Helvering v. Inter-Mountain Life Insurance Co., 294 U.S. 686, 55 S.Ct. 572, 79 L.Ed. 1227, the Treasury changed the Regulations to make such reserves not deductible. This position received support from language in Helvering v. Illinois Life Insurance Co., 299 U.S. 88, 57 S.Ct. 63, 81 L.Ed. 56, which involved a claimed reserve deduction on account of the survivorship fund feature of certain life insurance policies. The Court said (299 U.S. at pages 90, 91, 57 S.Ct. at page 64, 81 L.Ed. 56):

"The phrase 'required by law' includes only reserves that directly pertain to life insurance. Other reserves, even though required by state statutes regulatory of the business authorized to be carried on by life insurance companies, are not included."

The view that the Supreme Court construes Section 203(a) as not including reserves for Supplementary Contracts not involving Life Contingencies is supported by existing authority. Penn Mutual Life Insurance Co. v. Commissioner, 32 B.T.A. 876; Equitable Life Assurance Society of United States v. Helvering, 44 B.T.A. 293, affirmed, 2 Cir., 137 F.2d 623.

■■ In regard to the alternative ground urged by the taxpayer, it is well settled that where the option to take under the supplementary contract is exercised by the beneficiary a deduction is allowed for interest paid under Section 203(a) (8). Such a deduction was allowed by the Commissioner in the instant case. The theory is that when the beneficiary makes the election to receive the proceeds in instalments the policy has already matured by the death of the insured and has become payable in a lump sum to the beneficiary. There is then created an obligation of debt running from the insurance company to the beneficiary on which interest is paid over the course of the instalments. However, when the option is elected by the insured in his lifetime it is argued that the obligations created are obligations of the policy rather than obligations of debt, and thus the interest content in the instalment payments is not deductible as "interest on indebtedness".

At first glance it would seem to be immaterial whether the option was exercised by the insured or the beneficiary for, in the last analysis, the insurance company must pay the same amount in either case. This was the effect of the decision in Equitable Life Assurance Society of United States v. Helvering, 137 F.2d 623, 626, supra, which was contrary to the decision in Penn Mutual Life Insurance Co. v. Commissioner, 3 Cir., 92 F.2d 962. This latter case held that deductions could be allowed under options exercised by the beneficiaries but that no deductions could be allowed where the option had been exercised by the insured. Having in mind that the right to the deduction must clearly appear from the language of the taxing act, it is well to examine that language. There is little difference between the 1932 Act and that of 1934 as it applies to interest. Both cover "all interest paid within the taxable year on its indebtedness". The 1932 Act in addition allows deductions for "interest paid or accrued".

I take it that the use of the word "accrued" in the 1932 Act means interest that is due but that has not been paid. This interpretation will make little difference to the final result for, whether the interest has actually been paid or is merely being accrued for future payments, there must be a present indebtedness on the part of the insurance company in order to allow the interest deduction on that indebtedness. Since these are life insurance policies which are payable only upon the death of the insured, whether in a lump payment or deferred payments, clearly there could be no indebtedness until the death of the insured had occurred. In Penn Mutual Life Insurance Co. v. Commissioner, supra, it was held that interest is "a consideration paid for the use of money or for forbearance in demanding it when due".

When money is payable upon a contingency (such as the death of the insured) it becomes a debt only when the contingency has happened. Guaranty Trust Company of New York v. Galveston City R. Co. et al., 5 Cir., 107 F. 311, 317. Where the insured elects to take the First or Second Option he is merely exercising a right to change the terms of the policy that is then in force but that is not due and payable. Consequently, such a change is a policy obligation. There is no debt at that moment due from the insurance company to the insured and, lacking an indebtedness, it is difficult to see how the insurance company could be entitled to deduct interest on a debt which could only arise in the future.

From the foregoing I conclude that the taxpayer is not entitled to the deduction claimed either as a reserve fund required by law or as interest under Section 203(a)(8) of the Revenue Acts of 1932 and 1934. Judgment is to be entered for the defendant with costs.